1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

8
9

| NOETIC SPECIALTY INSURANCE COMPANY, | No. |
|---|---|
| Plaintiff, | COMPLAINT FOR DECLARATORY JUDGMENT |
| vs. | |
| THE LAW OFFICES OF JAMES W. TALBOT, PLLC; JAMES W. TALBOT and his Marital Community, if any; CORONUS XES, LTD., a Wyoming corporation; and GLOMAD SERVICES, LTD., a Wyoming corporation, | |
| Defendants. | |

As and for its Complaint against the above-named Defendants, Plaintiff Noetic Specialty Insurance Company ("Noetic" or "Plaintiff") alleges as follows:

## I.   NATURE OF THE ACTION

1.     This is an insurance coverage action seeking declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 and 2202 that Plaintiff has no duty to defend or indemnify James W. Talbot and the Law Offices of James W. Talbot, PLLC (collectively, "Talbot") with respect to the Counterclaim for Legal Malpractice ("Counterclaim") alleged

COMPLAINT (Cause No. _____) – 1
JMS6878.001/3954801X

WILSON
SMITH
COCHRAN
DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

against them and the judgment entered against them in the lawsuit entitled *The Law Offices of James W. Talbot, PLLC and James W. Talbot vs. Laurel Aarsvold, et al.*, No. 19-2-29686-1 SEA ("The Underlying Action").

## II.   PARTIES

2.     Plaintiff Noetic Specialty Insurance Company is a foreign corporation, incorporated under the laws of the State of Vermont, with its principal place of business in Virginia, and is authorized to do business and transacts business in the State of Washington.

3.     Defendant James W. Talbot is an attorney, admitted to practice law in the State of Washington, who maintains a law practice in Seattle, Washington. At all times material hereto he has acted on his own behalf and in his capacity as an employee and governor of Defendant Law Offices of James W. Talbot, PLLC, which is a professional limited liability company, organized under the laws of the State of Washington. That company's principal place of business at all times material hereto has been at 500 Yale Avenue North in Seattle, Washington. On information and belief, to the extent James W. Talbot was married at any time material to the events described herein, his acts and omissions were acts and omissions by him, on behalf of his marital community.

4.     Defendant Glomad Services, Ltd. is a corporation organized under the laws of the State of Wyoming, with its principal place of business in Laguna Beach, California, whose registered agent for service of process is Paracorp Incorporated, located at 1912 Capitol Avenue, Suite 500, in Cheyenne, Wyoming.

5.     Defendant Coronus XES, Ltd. is a corporation organized under the laws of the State of Wyoming, with its principal place of business in Laguna Beach, California, whose

WILSON
SMITH
COCHRAN
DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

registered agent for service of process is Paracorp Incorporated, located at 1912 Capitol Avenue, Suite 500, in Cheyenne, Wyoming.

### III.    JURISDICTION & VENUE

6.    This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the Plaintiff is a citizen of a state different from that of all of the defendants.

7.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the Plaintiff's claim occurred in this judicial district.

8.    Intradistrict assignment is proper in this division pursuant to LCR 3(e) because a substantial part of the acts or omissions that gave rise to the Plaintiff's claim occurred in King County, Washington.

9.    Noetic seeks declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201 and asks the Court to interpret and apply the provisions of the Noetic Lawyers Professional Liability Policy described below and to make a declaration that there is no coverage under the Policy for the Counterclaim. Pursuant to the Declaratory Judgment Act, a justiciable controversy exists between the parties.

### IV.    BACKGROUND

10.    Noetic incorporates by reference all allegations set forth in paragraphs 1-9 above as though fully set forth herein.

**A.    The Underlying Action**

11.    On or about September 24, 2019, Talbot filed a lawsuit for unpaid legal fees against Laurel Aarsvold, Matthew Aarsvold, Eugene Bellavance, Coronus XES, Ltd.



WILSON
SMITH
COCHRAN
DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

("Coronus"), Glomad Services, Ltd. ("Glomad"), and Bright Morning Consulting, LLC in the Underlying Action. A true and correct copy of the Complaint filed in the Underlying Action is attached hereto as Exhibit 1 and incorporated by reference herein.

12.     On June 2, 2020, the defendants in the Underlying Action filed their Answer, Affirmative Defenses and Counterclaim of Defendants Coronus XES, Ltd. and Glomad Services, Ltd. (collectively hereinafter "Counterclaimants"). The Counterclaim alleged as follows:

### III.    COUNTERCLAIM FOR LEGAL MALPRACTICE

And now, assuming the role of Plaintiffs-in-Counterclaim, CORONUS XES, LTD. and GLOMAD SERVICES, LTD allege as follows:

6.0     Plaintiffs in counterclaim CORONUS XES, LTD and GLOMAD SERVICES, LTD are foreign corporations, referred to in this counterclaim collectively as "CORONUS/GLOMAD" for ease of pleading.

6. 1     Defendant-in-Counterclaim JAMES W. TALBOT (hereinafter  "TALBOT") is a resident of Seattle, King County, Washington and owns and operates defendant-in-counterclaim LAW OFFICES OF JAMES W. TALBOT, PLLC with its principal place of business in Seattle, King County, Washington.

6.2     At all times relevant to these proceedings, TALBOT was acting within the course and scope of his employment by and/or principal in the LAW OFFICES OF JAMES W. TALBOT, PLLC. LAW OFFICES OF JAMES W. TALBOT, PLLC is therefore jointly and severally liable for the negligent acts and omissions of TALBOT pursuant to *respondeat superior* and/or RCW 18.100.070.

6.3     On or about June 1, 2017, a company named Bright Morning Consulting, LLC. filed a Complaint in the King County Superior Court case no. 17-2-14094-5 SEA entitled *Bright Morning Consulting, LLC v. Daniel C. Webb and Red River Solutions, LLC* (i.e. the Underlying Matter).  Defendants/Plaintiffs-in-Counterclaim CORO-NUS XES, LTD and GLOMAD SERVICES, LTD were not parties to the Underlying Matter at that time.

WILSON
SMITH
COCHRAN
DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON  98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

6.4      On or about August 17, 2017, Red River Solutions, one of the defendants in the Underlying Matter, filed a voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Western District of Washington case no. 17-13642-TWD entitled *In re: Red River Solutions, LLC*.

6.5      On or about August 31, 2017, Defendant Daniel Webb filed a counterclaim in the Underlying Matter against plaintiff Bright Morning Consulting, LLC and a third-party complaint against its owner, Eugene Bellavance. Webb also asserted and (sic) a third-party complaint against Matthew Aarsvold, Laurel Aarsvold, Coronus XES, Ltd. and Glomad Services, Ltd. in the Underlying Matter. However, by virtue of the bankruptcy filing of Red River Solutions, LLC, Daniel Webb did not own the third party claims that he alleged against CORONUS/GLOMAD and had no standing to assert those claims against any of the third-party defendants.

6.6      On or about November 16, 2017, TALBOT undertook the joint representation of Plaintiff Bright Morning Consulting, Eugene Bellavance, Matthew Aarsvold and Laurel Aarsvold, and CORONUS/GLOMAD in the Underlying Matter.

6.7      Upon accepting representation of CORONUS/GLOMAD, Defendant TALBOT undertook a duty of competence in favor of CORONUS/GLOMAD to meet the standard of care applicable to a reasonably prudent Washington attorney representing a client in the same or similar circumstances as CORONUS/GLOMAD. Defendant TALBOT also undertook the duties of a fiduciary in favor of CORONUS/GLOMAD upon accepting representation, including the fiduciary duty of undivided loyalty.

6.8      A conflict of interest existed from the outset of TALBOT's joint representation of multiple parties in the Underlying Matter.

6.9      On information and belief, TALBOT failed to provide the jointly represented clients, including CORONUS/GLOMAD, notice of the conflicts of interest that existed among them, advise them to seek the advice of independent counsel, and obtain the informed consent of all jointly represented clients prior to proceeding with the representation.

6.10     TALBOT's failure to obtain the informed consent to the joint representation of all parties that he jointly-represented in the Underlying Matter breached the standard of care and fiduciary duties that he owed CORONUS/GLOMAD.

6.11     The appropriate remedies for TALBOT's breach of fiduciary duties includes disgorgement of fees paid to him, and forfeiture of all fees that he claims.

WILSON
SMITH
COCHRAN
DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

6.11    TALBOT further breached the standard of care in his representation of CORONUS/GLOMAD because he did not recognize that Red River Solutions bankruptcy deprived Webb of the standing to assert those claims against CORONUS/GLOMAD.

6.12    TALBOT also breached the standard of care and his fiduciary duties in his representation of CORONUS/GLOMAD when he failed to recognize and advise his other jointly-represented clients (Bright Morning and Bellavance) that they could and should have dismissed their Complaint in the Underlying Matter upon the filing *In re: Red River Solutions, LLC.*

6.13    As a direct and proximate result of TALBOT'S failure to recognize Webb's lack of standing in the Underlying Matter and failure to recognize his conflict of interest, CORONUS/GLOMAD incurred damages that include but are not limited to: (a) all fees paid TALBOT; (b) all fees claimed by TALBOT; (c) all mitigation expenses incurred by CORONUS/GLOMAD, and; such other and different damages as may be proven through discovery and/or at trial.

6.14.    On information and belief, TALBOT also breached the standard of care that he owed to CORONUS/GLOMAD when he failed to adequately research, submit evidence, and brief the issues of personal jurisdiction over CORONUS/GLOMAD in the Underlying Matter.

6.15    As a direct and proximate result of TALBOT's breach of the standard of care related to jurisdiction over CORONUS/GLOMAD, the Court in the Underlying Matter subject (sic) CORONUS/GLOMAD to the Court's jurisdiction thus incurring damages by CORONUS/GLOMAD that include (a) all fees paid TALBOT; (b) all fees claimed by TALBOT; (c) all mitigation expenses incurred by CORONUS/GLOMAD, and; such other and different damages as may be proven through discovery and/or at trial.

13.    In their Prayer for Relief, the Counterclaimants requested a judgment against Talbot as follows:

WHEREFORE, Plaintiffs-in-Counterclaim CORONUS XES, LTD. and GLOMAD SERVICES, LTD pray that the Court grant them judgment against Defendants-in-Counterclaim JAMES W. TALBOT and LAW OFFICES OF JAMES W. TALBOT, PLLC for all damages incurred by them as a result of TALBOT's breaches of the standard of care and/or fiduciary duty, together with all costs of this action, prejudgment and post-judgment interest at the highest rate allowed by law, and such other and different relief as the Court may deem just and equitable.

WILSON SMITH COCHRAN DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

A true and correct copy of the Answer, Affirmative Defenses and Counterclaim is attached to this Complaint as Exhibit 2 and incorporated herein by reference. The Certificate of Service of the Answer and Counterclaim states that it was served on Talbot via the court's ECF delivery system on June 2, 2020.

14.     On June 24, 2020, Talbot responded to the Counterclaim by filing a pleading entitled, "Responses to Counterclaim", which was written on Talbot's pleading paper, and served, via Electronic Filing and email, on counsel for the other parties. The Responses included a paragraph-by-paragraph response to each of the allegations in the Counterclaim, set forth 12 separate affirmative defenses and requested relief including the entry of a ruling denying all relief requested by the Counterclaimants. A true and correct copy of Talbot's Responses is attached to this Complaint as Exhibit 3 and incorporated herein by reference.

**B.     Talbot's Application for Professional Liability Insurance**

15.     On August 20, 2020, James W. Talbot submitted a Renewal/Anniversary Application ("Application") on behalf of Law Offices of James W. Talbot, PLLC in support of its request for the issuance of a claims-made Errors & Omissions Insurance Policy from Noetic. A true and correct copy of Talbot's Application is attached to this Complaint as Exhibit 4 and incorporated herein by reference.

16.     Talbot provided a letter with its Application, from Mr. Talbot, on his law firm letterhead, to his insurance broker, dated July 31, 2020. In the letter he stated, "As requested, this will confirm that I wish to obtain legal liability insurance from Noetic. I am unaware of any potential or possible claims against me that would give rise to a professional liability claim.…" A true and correct copy of that letter is attached to this Complaint as Exhibit 5 and incorporated herein by reference.

WILSON
SMITH
COCHRAN
DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

17.     In Talbot's application for insurance, he answered several questions, for himself and his law firm. In response to Question 10, which stated, "During the past year, has any professional liability claim been made against Applicant or any past members of the firm or Predecessor Firm?", he answered, "No."

18.     Above Mr. Talbot's signature on the application, on behalf of himself and his law firm, the Application states as follows:

> Applicant hereby declares that the above statements and particulars are true and that Applicant has not omitted, suppressed or misstated any material facts and Applicant agrees that this application and all supplements thereto shall be the basis of the contract with the Company and that this application and supplements shall be incorporated into that contract. Applicant further agrees that it has a continuing obligation to report to the Company any material change in the circumstances of Applicant's practice of law, including the addition or deletion of attorneys, and any acts or circumstances that have given or may give rise to a claim.

> The above statements are true and Applicant has not misstated, omitted, or suppressed any material fact(s). It is understood and agreed that this Renewal/Anniversary Application and any previously completed Renewal/Anniversary Application(s) and/or Application(s) shall be the basis of the contract with the Company and that this Renewal/Anniversary Application, previously completed Renewal/Anniversary Application(s), and Application(s) shall be incorporated into that contract.

19.     The affirmation in the Talbot Application, that statements in it were true and that Talbot had not misstated, omitted, or suppressed any material fact(s), was untrue. Talbot's affirmation in his application statement, that no professional liability claim had been made against Talbot during the past year, was false. Talbot knew that Coronus and Glomad had filed the Counterclaim against him in the Underlying Action, and he had filed a formal response to the Counterclaim in the Underlying Action on June 24, 2020. Mr. Talbot made that false statement on his own behalf and on behalf of his law firm, in applying for insurance and knew that Noetic would rely on all of the statements in his law firm's Application, including denial

WILSON
SMITH
COCHRAN
DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

of any knowledge of potential or possible professional liability claims, in issuing a professional liability insurance policy to Talbot.

20.     Talbot did not notify Noetic of the existence of the Counterclaim until June 22, 2021, after the court had granted partial summary judgment against Talbot on the Counterclaim, declared Talbot in default and entered judgment against Talbot, on the Counterclaim, for $868,003.19 plus interest.

**C.     The Issuance of the Policy**

21.     In reliance on Talbot's affirmation and answers to the questions in the Application, and on Talbot's letter of July 31, 2020, Noetic issued a Lawyers Professional Liability Policy, No. 20NOWA000001 ("the Policy") to the Law Offices of James W. Talbot, PLLC, with a policy period of September 4, 2020 (inception date) to September 4, 2021 (expiration date).

**D.     Subsequent Events in the Underlying Action**

22.     On December 16, 2020, the underlying defendants, including the Counterclaimants, moved for summary judgment seeking dismissal of Talbot's Complaint in the Underlying Action, and the Counterclaimants sought partial summary judgment on the Counterclaim to establish that Talbot had breached the standard of care and that Talbot's affirmative defenses should be dismissed. The court granted the summary judgment and partial summary judgment motions of the underlying defendants and Counterclaimants, respectively.

23.     On February 2, 2021, a motion was filed that sought an order striking Talbot's reply to the Counterclaim and entering a default as a sanction based on alleged violations of the court's orders by Talbot. Talbot did not file any opposition to the motion, which the court

COMPLAINT (Cause No. _____) – 9
JMS6878.001/3954801X

WILSON
SMITH
COCHRAN
DICKERSON

901 Fifth Avenue, Suite 1700
Seattle, Washington  98164
Telephone: (206) 623-4100
Fax: (206) 623-9273

granted on February 12, 2021, entering a default against Talbot. Talbot moved for reconsideration, but that motion was denied on March 1, 2021.

24.     On May 6, 2021, the court entered an order obligating Talbot to pay sanctions to Coronus and Glomad in the amount of $3,762.49.

25.     On May 19, 2021, Coronus and Glomad filed a motion for entry of default judgment on the Counterclaim, seeking a default judgment against Talbot in the amount of $868,003.19, together with legal interest.

26.     On or about June 8, 2021, the court in the Underlying Action entered an order granting entry of a default judgment against Talbot on the Counterclaim. The June 8, 2021 order awarded $868,003.19 to Coronus and Glomad on the Counterclaim and confirmed the prior sanctions award entered against Talbot.  A true and correct copy of the order is attached to this Complaint as Exhibit 6 and incorporated herein by reference.

27.     On June 15, 2021, Talbot filed a motion for reconsideration of the June 8, 2021 order, which, on July 15, 2021, the court denied.

**E.     First Notice to Noetic and Tender of the Counterclaim for Legal Malpractice**

28.     On June 22, 2021, Talbot first provided notice of the Counterclaim to Noetic via email and tendered the Counterclaim to Noetic for defense and indemnity.

29.     By letter dated August 10, 2021, Noetic advised Talbot that it had reviewed, investigated and considered Talbot's tender and concluded that no coverage is available for the Counterclaim under the Policy. Noetic declined Talbot's request that Noetic defend and indemnify Talbot with respect to the Counterclaim, including the default judgment thereon.  A true and correct copy of Noetic's letter is attached to this Complaint as Exhibit 7 and incorporated herein by reference.

COMPLAINT (Cause No. _____) – 10
JMS6878.001/3954801X



WILSON
SMITH
COCHRAN
DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

## V.    FIRST CLAIM FOR RELIEF
### (Declaratory Judgment – Insurance Coverage)

30.    Noetic incorporates by reference all allegations set forth in paragraphs 1 - 29 as though fully set forth herein.

31.    There is an actual and justiciable controversy as to whether the Policy provides insurance coverage to Talbot with respect to the Counterclaim and the default judgment entered thereon against Talbot in the Underlying Action. Noetic is entitled to a declaratory judgment that its Policy does not provide insurance coverage to Talbot as to those matters, for the reasons discussed below.

32.    Noetic issued the Policy to Talbot with a policy period of September 4, 2020 (inception date) to September 4, 2021 (expiration date).  A true and correct copy of the Policy is attached to this Complaint as Exhibit 8 and incorporated herein by reference.

33.    The Policy provides Claims-Made and Reported coverage, which is generally limited to claims that are first made against the insured and reported to Noetic during the policy period of the Policy.  Earlier policies of insurance issued to Talbot by Noetic were also Claims-Made and Reported policies, have expired, and afford no coverage for claims that were not both first made and reported during those earlier policy periods.

34.    The insuring language of the Policy is contained in Section I.A, which states in pertinent part:

**SECTION I:  INSURING AGREEMENT**

**A.  Professional Liability "Claims" Made and Reported Insuring Clause**

The Company shall pay on behalf of the **"Insured"** all sums, in excess of the Deductible, that the **"Insured"** shall become legally obligated to pay as **"Damages"** because of a **"Claim"** resulting from an act or omission in the performance of, or failure to perform, **"Professional Services" ,** but only

WILSON
SMITH
COCHRAN
DICKERSON

901 Fifth Avenue, Suite 1700
Seattle, Washington  98164
Telephone: (206) 623-4100
Fax: (206) 623-9273

if such **"Claim"** is: 1) <u>first made against the **"Insured"** during the **"Policy Period"** or an Extended Reporting Period; and 2) reported in writing to the Company during the **"Policy Period"** or an Extended Reporting Period.</u>

<u>A **"Claim"** first made against any **"Insured"** during a prior policy issued by the Company, but which **"Claim"** is first reported to the Company during the **"Policy Period"** or an Extended Reporting Period, is not a **"Claim"**: 1) first made against the **"Insured"** during the **"Policy Period"** or an Extended Reporting Period; and 2) reported in writing to the Company during the **"Policy Period"** or an Extended Reporting Period, as required by this Insuring Agreement.</u>

[Underlined emphasis added.]

35.     One requirement for coverage contained in Section I.A of the Policy is that the claim must be first made against the Insured during the policy period of the Policy.  Section I.A also specifies that a claim that is first made against any Insured during a prior policy issued by Noetic, but which is reported to Noetic during the policy period [of the current Policy] is not a claim that was both first made and reported to Noetic during the policy period of the current Policy.

36.     The term "Claim" is defined in the Policy in Section II, entitled Definitions, as follows:

**B.     "Claim"** means a demand for money or services made against any **"Insured"**, including service of a suit, arbitration proceedings or a motion against any **"Insured,"** alleging negligent acts or negligent omissions, or alleging **"Personal Injury"**, resulting from the performance of or failure to perform **"Professional Services"** by any **"Insured."** A **"Claim"** includes any complaint, grievance or other allegation of wrongdoing made against any **"Insured"** to any disciplinary agency or board. <u>A **"Claim"** is deemed "made" against any **"Insured"** when any **"Insured"** first receives notice, either oral or written, of such **"Claim"**</u>. [Underlined emphasis added.]

37.     Pursuant to the definition of the term "Claim" contained in the Policy, a "Claim" is deemed to be made against any Insured when any Insured first receives notice, either oral or written, of such "Claim".  The Counterclaim was filed on or about June 2, 2020, and the

WILSON SMITH COCHRAN DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON  98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

certificate of service accompanying the Counterclaim indicates it was served upon Talbot the same day via the court's ECF delivery system. Talbot filed a response to the Counterclaim on June 24, 2020, a true and correct copy of which is attached to this Complaint as Exhibit 3.

38.     The Counterclaim is a suit served against Talbot alleging negligent acts or negligent omissions resulting from Talbot's performance of or failure to perform professional services and was captioned as being a "Counterclaim for Legal Malpractice."   The Counterclaim asserts that the Counterclaimants suffered damages which include, but are not limited to, "all mitigation expenses incurred by CORONUS/GLOMAD, and; such other and different damages as may be proven through discovery and/or at trial" in addition to seeking the return of legal fees paid to Talbot, and the forfeiture of all additional legal fees sought in Talbot's primary Complaint in the Underlying Action. Counterclaim at ¶¶6.13, 6.15.   The Counterclaim sought the recovery of all stated damages against Talbot.   Therefore, the Counterclaim constitutes a "Claim" that was first made against Talbot on or about June 2, 2020, and which Talbot received on or before June 24, 2020, when Talbot responded to it.

39.     Because the Counterclaim was first made against Talbot prior to the policy period of the Policy, which commenced on September 4, 2020, and was first made during the policy period of a prior policy of insurance issued to Talbot by Noetic, the requirements for coverage contained in Section I.A. of the Policy have not been satisfied.   Therefore, no coverage is available to Talbot for the Counterclaim under the Policy, and Noetic is not responsible for providing Talbot with a defense or indemnification for the Counterclaim.

40.     Talbot was covered by earlier policies of insurance issued by Noetic, which also provided Talbot with Claims-Made and Reported coverage for claims.   Talbot did not disclose the Counterclaim to Noetic with Talbot's renewal Application (attached as Exhibit 4 hereto)

COMPLAINT (Cause No. _____) – 13
JMS6878.001/3954801X

WILSON
SMITH
COCHRAN
DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

which was completed on or about August 20, 2020, and which was submitted to Noetic on August 21, 2020.

41.     In Section VI., entitled Conditions, the Policy contains the following provisions:

**F.  Notice of "Claims"**

As a condition precedent to the right to coverage under this policy, the **"Insureds"** and the **"Named Insured"** must, as soon as practicable, give written notice to the Company of any **"Claim"** made against any **"Insured"** and must tender the **"Claim"** to the Company for defense, <u>but in no case shall such notice and tender occur after the expiration of the</u> **"Policy Period",** <u>or the Extended Reporting Period, during which the</u> **"Claim"** <u>was first made against any</u> **"Insured"**.

<u>In the event suit is brought against any</u> **"Insured"**, <u>the</u> **"Insured"** <u>and the</u> **"Named Insured"** <u>shall also immediately forward to the Company or the Company's representative, every demand, notice, summons or other process received directly by any</u> **"Insured"** <u>or by any</u> **"Insured's"** <u>representatives</u>.

[Underlined emphasis added.]

42.     In Section VI., entitled Conditions, the Policy contains the following provisions:

**K.  Application**

By acceptance of this Policy, the **"Insureds"** agree that: 1) the statements in the application and in all additional materials submitted by any **"Insured"** for this Policy or for any prior Policies issued by this Company**,** which are made a part of this Policy, are personal representations, that they shall be deemed material and that this Policy is issued in reliance upon the truth of such representations; 2) this Policy embodies all agreements existing between the **"Insureds"** and the Company, or any of its agents, relating to this insurance; and 3) <u>the</u> **"Insureds"** <u>have a continuing obligation to report any changes to its answers to the application questions, or in information contained in any additional submissions, including, but not limited to, any</u> **"Claims"**, <u>potential claims, and any changes in its areas of practice, outside ownership interests, and the number of attorneys who are partners, principals, or employees of the</u> **"Named Insured"**.

[Underlined emphasis added.]

WILSON
SMITH
COCHRAN
DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

43.     The above quoted provisions from the Policy were also contained in Talbot's previous policies of insurance issued by Noetic, including the policy of insurance that was in force on or about June 2, 2020 and June 24, 2020.  Talbot was obligated to report the Counterclaim to Noetic at the time Talbot was served with the Counterclaim and to disclose it on the renewal Application submitted to Noetic on August 21, 2020.  Because notice of the Counterclaim was not tendered to Noetic at the time that claim was first made against Talbot, no earlier policy of insurance issued by Noetic provides any coverage for the Counterclaim or the default judgment entered thereon.

44.     In the Underlying Action, the court entered an order and judgment imposing sanctions against Talbot.  The Policy's definition of the term "Damages" is contained in Section II.D. of the Policy.  Subpart 3 of the definition of the term "Damages" states that it does not include any court-imposed monetary sanction against an Insured.

45.     Although there is no requirement, in the Policy or otherwise, that Noetic show that it has been actually and substantially prejudiced in order to deny coverage for the untimely notice and tender of the Counterclaim it has received from Talbot, it is clear that such prejudice would occur if and to the extent coverage were otherwise available under the Policy. Talbot received the Counterclaim on June 2, 2020, formally responded to it on June 24, 2020, and did not notify Noetic of the Counterclaim until almost a year later, on June 22, 2021. Over the intervening months, the court entered partial summary judgment against Talbot, imposed sanctions on Talbot for its litigation conduct, entered a default against Talbot, and then entered a default judgment, against Talbot, for $868,003.19 plus interest.

46.     For these reasons, Noetic has no duty to defend or indemnify Talbot with respect to the Counterclaim or the default judgment entered against Talbot in the Underlying Action.

WILSON
SMITH
COCHRAN
DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON  98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

## VII.    RESERVATION OF RIGHTS

47.    Noetic reserves the right to amend this Complaint and its prayer for relief upon further discovery.

## VIII.   PRAYER FOR RELIEF

Based on the foregoing, Noetic requests that the Court enter judgment in its favor, and against each of the Defendants, as follows:

1.    Declaring that Noetic has no duty to defend, indemnify or provide any benefits or coverage to James W. Talbot or to the Law Offices of James W. Talbot, PLLC with respect to the Counterclaim asserted against them and with respect to the default judgment entered on that Counterclaim against them in the Underlying Action;

2.    Awarding Noetic its costs; and

3.    Affording other and further relief as the Court deems just and equitable.

DATED this 10th day of August, 2021.

s/  John M. Silk
John M. Silk, WSBA No. 15035
WILSON SMITH COCHRAN DICKERSON
901 Fifth Avenue, Suite 1700
Seattle, WA  98164-2050
(206) 623-4100 telephone
(206) 623-9273 facsimile
silk@wscd.com
Attorneys for Plaintiff

COMPLAINT (Cause No. _____) – 16
JMS6878.001/3954801X



WILSON
SMITH
COCHRAN
DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON  98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273