THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NOETIC SPECIALTY INSURANCE COMPANY, | CASE NO. C21-1067-JCC |
| Plaintiff, | ORDER |
| v. | |
| THE LAW OFFICES OF JAMES W. TALBOT, PLLC, *et al.*, | |
| Defendant. | |

This matter comes before the Court on motion of Defendants Coronus XES, Ltd. ("Coronus") and Glomad Services, Ltd. ("Glomad") to dismiss or stay (Dkt. No. 11) Plaintiff Noetic Specialty Insurance Company's ("Noetic") declaratory relief action (Dkt. No. 1). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and DENIES the motion.

I.    **BACKGROUND**

This federal action arises out of an underlying state court action involving the insured, James W. Talbot and the Law Offices of James W. Talbot (collectively "Talbot"). (*See* Dkt. 17 at 1–3.) The Court will summarize the alleged facts as relevant to the limited issues raised by

1    Defendants' motion.[1]

2         Talbot filed suit in state court over unpaid legal fees. (*Id.* at 2.) On June 2, 2020, Coronus

3    and Glomad counterclaimed for legal malpractice. (Dkt. No. 1 at 5, 12.) On June 24, 2020,

4    Talbot filed a response to the counterclaim. (Dkt. No. 1–3.) A year later, following several

5    pretrial motions, the state court entered default judgment against Talbot on the counterclaim for

6    $868,003.19. (Dkt. No. 1–6.) Talbot appealed.[2]

7         Talbot did not notify Noetic of the counterclaim or judgment against him until June 22,

8    2021, when he sent Noetic an email seeking defense and indemnity. (Dkt. No. 1 at 10.) Nor did

9    he disclose the counterclaim on the August 20, 2020 renewal application he submitted to Noetic,

10   which included written affirmation that no professional liability claims had been made against

11   him in the past year. (Dkt. Nos. 1 at 8, 1-4, 1-5.) Upon receipt of Talbot's email, Noetic sent him

12   a letter denying coverage due to his failure to notify them of the counterclaim as required under

13   his insurance policy (Dkt. No. 1-8). (*See* Dkt. No. 1-7.)

14        Talbot did have earlier coverage issued by Noetic (Dkt. No. 1 at 13), but Section VI of

15   that policy required Talbot to report the counterclaim to Noetic at the time he was served and

16   disclose it on the renewal application. (*Id.* at 14.)

17        Noetic filed an action in this Court seeking declaratory judgment that it has no duty to

18   defend or indemnify Talbot with respect to the counterclaims in the underlying state court action

19   (Dkt. No. 1 at 16.) Defendants Coronus and Glomad now move to dismiss the federal suit under

20   *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942), or, in the alternative, to stay the proceedings

21   until the resolution of Talbot's state court appeal. (Dkt. No. 11 at 1–2.)

22   //

23   //

24   ---

[1] In reviewing the motion, the Court accepts the truth of the facts alleged and draws all
25   reasonable inferences from those facts in a plaintiff's favor. *Al-Kidd v. Ashcroft*, 580 F.3d 949,
     956 (9th Cir. 2009).
26
[2] The Court takes judicial notice of Talbot's pending state court appeal. *See* Fed. R. Evid. 201(b).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## II.   DISCUSSION

### A.  Legal Standard

The Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, empowers federal courts, "[i]n a case of actual controversy within [their] jurisdiction," to "declare the rights and other legal relations of any interested party seeking such a declaration[.]" 28 U.S.C. §§ 2201(a). In the exercise of that power, federal district courts have "unique and substantial discretion." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995).

In deciding whether to exercise jurisdiction over a declaratory judgment action, the district court must consider whether the pending state court proceeding is a better forum. *Brillhart*, 316 U.S. at 495. "Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in state court presenting the same issues, not governed by federal law, between the same parties." *Id.*

The Ninth Circuit reads *Brillhart* to require a three-prong consideration: the district court should (1) avoid needless determination of state law issues, (2) discourage forum shopping, and (3) avoid duplicative litigation. *Am. Cas. Co. of Reading, Pennsylvania v. Krieger*, 181 F.3d 1113, 1118 (9th Cir. 1999). When a party moves for a district court to dismiss a claim for declaratory relief, the court must record the basis for its decision. *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1221 (9th Cir. 1997).

### B.  Application of the *Brillhart* Factors

1.  <u>Federal Courts Should Not Needlessly Determine Issues of State Law</u>

When "parallel state proceedings involving the same issues and parties [are] pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court." *Id.* at 1225. However, there is no presumption in favor of abstention in declaratory actions generally, nor in insurance cases specifically. *Id.* at 1226. In *Krieger*, the district court granted declaratory relief to a liability insurer that it had no duty to indemnify or defend the insured in an underlying tort action. 181 F.3d at 1115–16. The Ninth Circuit held that

"[b]ecause the state court case did not include the coverage issue, and because the coverage issue in the federal action was not contingent on any further state court proceedings, the district court found good cause to continue to exercise its discretion." 181 F.3d at 1119. The same is true here. As Noetic notes, the insurance coverage issue before this Court is not before the state court, or contingent on any state court issues. (Dkt. No. 17 at 7.) Thus, a determination of the insured's coverage is not needless.

While Defendants argue the issue will be moot if Talbot wins his appeal (see Dkt. Nos. 11 at 9, 18 at 2), Washington law does not require Noetic to wait until then to seek a determination of its duties. *See, e.g.*, *Truck Ins. Exch. v. Vanport Homes, Inc.*, 58 P.3d 276, 282 (2002) (an insurer may file a declaratory judgment action to clarify its duty to defend to avoid potential breach of such duty). The first factor weighs against dismissal or stay of this action.

### 2.   Federal Courts Should Discourage Forum Shopping

The exercise of jurisdiction over declaratory judgment actions "when there is a pending state court case presenting the identical issue . . . encourage[s] forum shopping." *Cont'l Cas. Co. v. Robsac Indus.*, 947 F.2d 1367, 1372–73 (9th Cir. 1991), *overruled on other grounds by Dizol*, 133 F.3d at 1227. If the federal suit is defensive or reactive, that would justify a court's decision not to exercise jurisdiction. *Id.* Defendants briefly note that whether the federal case is "reactive" does not depend solely on the time of filing, which here came before the initiation of any state garnishment proceeding. (Dkt. No. 11 at 7, citing, *e.g.*, *Balaton Condominium, LLC v. Balaton Condominium Ass'n*, 2007 WL 2069861, slip op. at 4 (W.D. Wash. 2014).) But Defendants' main argument is that Noetic's counsel filing "numerous. . . declaratory judgment actions in []this Court on behalf of insurers" constitutes a "forum shopping decision." (Dkt. No. 11 at 8.) This argument is meritless and unsupported. Availing oneself of diversity jurisdiction is not in itself evidence of forum shopping. This factor weighs slightly against dismissal of the action.

### 3.   Federal Courts Should Avoid Duplicative Litigation

The exercise of jurisdiction over a "federal declaratory suit [that] is virtually the mirror

image of the state suit" violates the *Brillhart* principle of avoiding duplicative litigation. *Robsac*, 947 F.2d at 1373. The declaratory action and state suit are mirror images if "[a]ll of the issues presented by the declaratory judgment action could be resolved by the state court." *Id*. Exercising jurisdiction over such actions "waste[s] judicial resources in violation of the third *Brillhart* factor." *Id*. Here, as previously discussed, the issues in the federal action are distinct from those before the state court. The federal action is, therefore, not duplicative litigation. The third factor supports denying Defendants' request for a stay and retaining jurisdiction over this action.[3]

As such, application of the *Brillhart* factors provides that dismissal or a stay of the declaratory judgment action is unwarranted.

## III.    CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss or, in the alternative, stay (Dkt. No. 11) is DENIED.

DATED this 18th day of November 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[3] Defendants raise two additional considerations, both without merit. They argue Noetic would not be prejudiced by defending Talbot because it retains reimbursement rights. (Dkt. No. 18 at 1.) But the parties agree that Noetic has thus far *not* defended Talbot in the underlying action. (Dkt. Nos. 17 at 12, 18 at 2.) If anything, this points to the urgency in determining if its failure to do so breaches its obligations to its insured. Similarly, the Court rejects their assertion that the prejudice to Defendants of fighting a "two front war" warrants dismissal or a stay. (Dkt. No. 11 at 9.)